**UNITED STATES of America,
Appellee,**

v.

**James E. CHILDRESS, Appellant.**

**No. 00–1835.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 30, 2001.

Filed June 4, 2001.

Before HANSEN, MORRIS SHEPPARD ARNOLD, and BYE, Circuit Judges.

PER CURIAM.

A jury found James E. Childress guilty of conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 846, and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The district court[1] sentenced him to concurrent terms of 235 months imprisonment and 5 years supervised release for the drug offense and 120 months imprisonment and 3 years supervised release for the firearm offense. On appeal, his counsel has filed a brief and moved to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and Childress has not filed a pro se supplemental brief. Counsel raises three claims of ineffective assistance of trial counsel, and argues that the court erred in allowing evidence of a drug transaction committed by Childress's co-conspirators after he had been arrested and incarcerated.

First, Childress's ineffective-assistance claims should be raised in 28 U.S.C. § 2255 proceedings, not in this direct appeal. *See United States v. Martin,* 59 F.3d 767, 771 (8th Cir.1995). Second, the rationale for admitting the challenged evidence—that the conspiracy did not end upon Childress's arrest and incarceration—was correct. *See United States v. Bascope-Zurita,* 68 F.3d 1057, 1061 (8th

---

1. The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

Cir.1995) (conspiracy continues after one co-conspirator is arrested if other co-conspirators' illegal activities continue thereafter), *cert. denied*, 516 U.S. 1062, 116 S.Ct. 741, 133 L.Ed.2d 690 (1996).

Having reviewed the record independently pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we affirm the judgment of the district court, and we grant counsel's motion to withdraw. We deny Childress's motion for appointment of new appellate counsel.